UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61698

KENICKAY PRENDERGAST,

      Plaintiff,

v.

ANDREU, PALMA, LAVIN & SOLIS, PLLC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

Plaintiff, KENICKAY PRENDERGAST ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant, ANDREU, PALMA, LAVIN & SOLIS, PLLC ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

## NATURE OF ACTION

### I.  THE FAIR DEBT COLLECTION PRACTICES ACT

1.  The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See*, 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.      Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban. *See*, Townsend v. Quantum3 Group, LLC, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law." (quoting West v. Costen, 558 F.Supp. 564, 582 (W.D.Va.1983))).

5. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, that of which include:

> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. § 1692e.

## II.  THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

6. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. See Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); See also Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

7. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> (11) Communicate with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare.

Fla. Stat. § 559.72.

8.      As set forth in more detail below, Defendant has violated the aforementioned provisions of the FDCPA and FCCPA, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

9.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

10.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

11.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

12.     Defendant is a Florida corporation, with its principal place of business located in Miami, Florida.

13.     On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

14.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

15.     At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

16.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

17.     On a date better known by Defendant, LVNV Funding LLC purchased and/or was assigned the Consumer Debt from the former/original creditor, whereby LVNV Funding LLC (the "Current Creditor") contracted with Defendant for the collection of the Consumer Debt.

18.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

19.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See*, 15 U.S.C §1692a(3).

20.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

21.     Defendant is a Florida law firm.

22.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

23.     On or about April 06, 2016, Defendant changed its name from "ANDREU, PALMA & ANDREU" to its current name, to wit, "ANDREU, PALMA, LAVIN & SOLIS."

24.     On or about June 30, 2016, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt, whereby Defendant utilized its *former* name and letterhead. A copy of the Collection Letter is attached hereto as "Exhibit A."

25.     Moreover, Defendant, signed the Collection Letter "ANDREU, PALMA & ANDREU, PL." *See*, Collection Letter (emphasis original).

## COUNT I.
## <u>VIOLATION OF THE FDCPA</u>

26.     Plaintiff incorporates by reference paragraphs 16-25 of this Complaint as though fully stated herein.

27.     The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); *See also*. <u>Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

28.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

29.     In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

30.     In light of the preceding, Defendant has violated the FDCPA, to wit

(a)     Section 1692e(14) by utilizing the name ANDREU, PALMA & ANDREU, PL"), whereby such was not the true name of Defendant's company, to wit, ANDREU, PALMA, LAVIN & SOLIS, PLLC,

31.     As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fees and court costs.

## COUNT II.
## VIOLATION OF THE FCCPA

32.     Plaintiff incorporates by reference paragraphs 16-25 this Complaint as though fully stated herein.

33.     "In Florida, consumer debt collection practices are regulated by both the FCCPA and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (FDCPA).  Both acts generally apply to the same types of conduct, and Florida courts must give "great weight" to federal interpretations of the FDCPA when interpreting and applying the FCCPA. § 559.77(5)." Martorella v. Deutsche Bank Nat. Trust Co., 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013) (citing Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla.Dist.Ct.App.2012)).

34.     Dispatching a letter to an individual under the letterhead and/or stationary of an attorney requires the independent, professional judgment of the attorney stated therein. "The hallmark of this review is the use of independent, professional judgment by the attorney." Martsolf v. JBC Legal Group, P.C., 2008 WL 275719 at *8 (M.D. Pa. 2008); See, 301 (2d Cir.2003) (stating that a collection letter from an attorney implies that attorney has been involved in handling the debt); Bezpalko v. Gilfillan, Gilpin & Brehman, No. Civ. A. 97-4923, 1998 WL 321268, at *8

(E.D.Pa. June 17, 1998) (stating that FDCPA requires attorney to be involved in the mailing of a collection letter if letter appears to originate from an attorney).

35.     An attorney's review "need not be lengthy, but it must permit the attorney to form a professional opinion about whether the debt is potentially viable, barred by the statute of limitations, uncollectable due to the debtor's bankruptcy, and to evaluate similar legal considerations. <u>Miller v. Wolposs & Abramson</u>, LLP, 321 F.3d 292, 305-06 (stating that collection letter on attorney letterhead implies that attorney has made various types of legal judgments, including the status of the debt). "A high-speed, automated review bereft of independent professional judgment does not demonstrate the type of considered review that a collection letter on attorney letterhead implies." <u>Martsolf</u>, 2008 WL 275719 at *8.

36.     Here, while the Collection Letter advises Plaintiff that Defendant is acting as a debt collector, it also advises that no meaningful review of the file by an attorney has occurred. As mentioned above, the FCCPA is to be interpreted in light of the FDCPA; However, the FCCPA is exists not merely to reiterate the protections provided by the FDCPA, but rather, to provide greater protection in areas the Florida legislature deemed proper.

37.     Thus, in light of the preceding, Defendant violated the FCCPA, to wit

    (a)     Fla. Stat.   § 559.72 (11) by utilizing the stationery and/or letter of Defendant's *former* law firm without being otherwise authorized to prepare or dispatch such, in that, pursuant to the Collection Letter, no attorney had reviewed Plaintiffs file, and thus, no authority existed for the utilization of Defendants legal letterhead and/or stationery.

38.     As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and

personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

39.     Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)     Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)     Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e)     Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: July 17, 2016

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

AND

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     954-543-1325
Fax:         954-507-9975

*COUNSEL FOR PLAINTIFF*